Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (IL Bar No. 6221983)
Craig M. Shapiro (IL Bar No. 6284475)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
MARY ELLEN ARROYO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| MARY ELLEN ARROYO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROFESSIONAL RECOVERY SERVICES, INC., a New Jersey corporation, and JOHN TRAIN, individually and in his official capacity,<br><br>Defendants. | Case No.<br><br>**CLASS COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq*.<br>California Civil Code § 1788 *et seq*. |

Plaintiff, MARY ELLEN ARROYO, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. This is an action for statutory damages, attorney fees and costs brought by Plaintiff on behalf of herself and all others similarly situated for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. (hereinafter "RFDCPA")

which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## III. VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendants transact business in this judicial district and the violations of the FDCPA and the RFDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the Fresno Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Stanislaus County.

## V. PARTIES

6. Plaintiff, MARY ELLEN ARROYO (hereinafter "Plaintiff"), is a natural person residing in Stanislaus County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h) and a "senior citizen" within the meaning of Cal. Civil Code § 1761(f). At all relevant times, Plaintiff has resided in Stanislaus County, California.

7. Defendant, PROFESSIONAL RECOVERY SERVICES, INC. (hereinafter "PRS"), is a New Jersey corporation engaged in the business of collecting debts in this state with its principal place of business located at: 221 Laurel Road, Suite 350, Voorhees, New Jersey 08043. PRS may be served as follows: Professional Recovery Services, Inc., c/o CT Corporation System, 818 West Seventh Street, Los Angeles, California 90017. The principal business of PRS is the

collection of debts using the mails and telephone, and PRS regularly attempts to collect debts alleged to be due another. PRS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

8. Defendant, JOHN TRAIN (hereinafter "TRAIN"), is a natural person and may be served at his current business address at: John Train, Professional Recovery Services, Inc., 221 Laurel Road, Suite 350, Voorhees, New Jersey 08043. TRAIN is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

9. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

**VI. FACTUAL ALLEGATIONS**

10. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a credit card account issued by HSBC Bank and bearing the account number XXXX-XXXX-XXXX-2850 (hereinafter "the debt"). The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

11. Sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed, or otherwise transferred to Defendants for collection from Plaintiff.

12. Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

13. The collection letter (Exhibit "1") is dated April 25, 2008.

14. The collection letter (Exhibit "1") was the first written communication from Defendants to Plaintiff in connection with the collection of the debt owed to HSBC Bank.

15. The collection letter (Exhibit "1") states:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 30 days from receiving this notice, that

> you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

## VII. DEFENDANT'S PRACTICES

16. Defendants regularly sent or caused to be sent communications in the form of Exhibit "1" to California residents in an effort to collect consumer debts.

## VIII. CLASS ALLEGATIONS

17. Plaintiff brings this action on behalf of a class of all other persons similarly situated.

18. Plaintiff tentatively defines the class as (i) all persons who were sent at an address in California, (ii) a letter from Defendants in the form of Exhibit "1," (iii) regarding a debt allegedly due HSBC Bank (iv) incurred for personal, family or household purposes (v) which was not returned undelivered by the U.S. Post Office (vi) during the one year period before filing this action through the date of certification.

19. The class is so numerous that joinder of all members is impractical. On information and belief, collection letters in the form of Exhibit "1" have been sent to hundreds of California class members.

20. There are questions of law and fact common to the classes, which questions predominate over any questions peculiar to individual class members. The common questions include:

a. Whether Defendants are debt collectors;

b. Whether Defendants misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15 U.S.C. §§ 1692e, 1692e(10) and Cal. Civil Code § 1788;

c. Whether Defendants misrepresented Plaintiff's right to obtain the name and address of the original creditor, if it is different than the current creditor, in violation of 15 U.S.C. §§ 1692e, 1692e(10) and Cal. Civil Code § 1788;

d. Whether Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4) and Cal. Civil Code § 1788; and

e. Whether Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's *written* request, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5) and Cal. Civil Code § 1788.

21. There are no individual questions of law or fact, other than whether a class member was sent the offending collection letter, which can be determined by ministerial inspection of the Defendants' records.

22. Plaintiff will fairly and adequately represent and protect the interest of the class members. She is committed to vigorously litigating this matter. She has retained counsel experienced in handling class claims and litigation brought pursuant to the FDCPA and RFDCPA. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this claim. Plaintiff and her counsel will vigorously pursue this matter.

23. Plaintiff's claim is typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

24. A class action is a superior method for the fair and efficient adjudication of this controversy. Most of the class members who received collection letters in the form of Exhibit "1" had no knowledge that their rights are being violated by illegal collection practices. The interest of the class members in individually controlling the prosecution of separate claims against Defendant are small because the maximum damages in an individual action are $1,000. Management of this class action is likely to present significantly fewer difficulties than those presented in many other class actions.

25. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

a. The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and

b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendants acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

27. Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## IX. CLASS CLAIMS

## FAIR DEBT COLLECTION PRACTICES ACT

28. On behalf of herself and the classes she seeks to represent, Plaintiff brings this claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

29. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

30. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

31. Defendant, PRS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

32. Defendant, TRAIN, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

33. The financial obligation alleged to be owed to HSBC Bank by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

34. Defendants have violated the FDCPA. The violations include, but are not

limited to, the following:

a. Defendants misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

b. Defendants misrepresented Plaintiff's right to obtain the name and address of the original creditor, if it is different than the current creditor, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

c. Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4); and

d. Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's *written* request, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5).

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

35. On behalf of herself and the classes she seeks to represent, Plaintiff brings this claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices ("RFDCPA"), California Civil Code §§ 1788-1788.33.

36. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

37. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

38. Defendant, PRS, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

39. Defendant, TRAIN, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

40. The financial obligation alleged to be owed to HSBC Bank by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

41. Defendants have violated the RFDCPA. The violations include, but are not limited to, the following:

a. Defendants misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15 U.S.C. §§ 1692e and 1692e(10), as incorporated by Cal. Civil Code § 1788.17;

b. Defendants misrepresented Plaintiff's right to obtain the name and address of the original creditor, if it is different than the current creditor, in violation of 15 U.S.C. §§ 1692e and 1692e(10), as incorporated by Cal. Civil Code § 1788.17;

c. Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4), as incorporated by Cal. Civil Code § 1788.17; and

d. Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's *written* request, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5), as incorporated by Cal. Civil Code § 1788.17.

42. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

/ / /

## X. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Certify this litigation to proceed as a class action;

c. Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(4) and 1692g(a)(5);

d. Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

e. Award Plaintiff and the class members statutory damages in pursuant to 15 U.S.C. § 1692k(a)(2) and Cal. Civil Code § 1788.17;

f. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C.§ 1692k(a)(3) and Cal. Civil Code § 1788.17; and

g. Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (IL Bar No. 6221983)
Craig M. Shapiro (IL Bar No. 6284475)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
MARY ELLEN ARROYO

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MARY ELLEN ARROYO, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.