# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ELLEN ARROYO, et al., | CASE NO. CV F 09-0750 LJO SMS |
| Plaintiffs, | **ORDER ON MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| vs. | |
| PROFESSIONAL RECOVERY SERVICES, INC., et al., | Fairness Hearing: May 13, 2010<br>8:15 a.m. Dept. 4 |
| Defendants. / | |

Pursuant to plaintiff's Notice Of Motion filed on October 9, 2009, the parties in this class action have reached a proposed settlement and seek preliminary approval of the proposed Settlement Agreement and the Notice to Class Members. The parties filed supplemental points and authorities on October 30, 2009 to address some of the Court's concerns. Having considered the Motion and supporting papers, the Settlement Agreement and the Exhibits attached thereto, and the oral argument of counsel, the Court issues the following Order:

1. The Court has jurisdiction over this action and the parties' proposed settlement under 28 U.S.C. sections 1331 and 1367. Plaintiff filed suit as a potential class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.§1692, and the California Rosenthal Fair Debt Collection Practices Act, Cal.Civ.Code §1788. The Court has supplemental jurisdiction over plaintiff's state-law claims because they arise from the same alleged transactions and occurrences as do plaintiff's

federal-law claims.

2.     The proposed class satisfies the requirements of a settlement class because the class members are readily ascertainable and a well-defined community of interest exists in the questions of law and fact affecting the parties.

3.     The Court hereby preliminarily approves the Settlement Agreement.  (Doc. 24, Exh. A and Exhibits attached.)   The Court preliminarily finds that the Class members meet the requirements for class certification under F.R.C.P. 23.  The Court further preliminarily finds that the Settlement Agreement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court.  It appears to the Court that the Settlement Agreement is fair, adequate and reasonable as to all potential Class Members, when balanced against the probable outcome of further litigation.  It further appears that counsel for the Parties at this time are reasonably able to evaluate their respective positions.  It further appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as the delay and risks that would be presented by further prosecution of this action.  Additionally, it appears that the proposed Settlement was reached as a result of intensive, non-collusive, arms-length negotiations.

4.     The parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all class members whose identities are known to the parties, and such notice is the best notice practicable.  The parties' proposed Class Settlement Notice ("Class Notice") (Doc.24, Settlement Agreement, Exh. B) is sufficient to inform Class Members of the terms of the Settlement, their rights under the Settlement, their right to a potential recovery, their rights to object to the settlement, and the processes for doing so, and the date and location of the final approval hearing, and therefore are all approved.

5.     The following class of persons are certified as the Class in this action solely for the purposes of the Settlement:

> "(I) all persons who were sent a letter from defendants in the form of Exhibit "1" (ii) at an address in California, (iii) regarding a debt allegedly due HSBC Bank (iv) incurred for personal, family or household purposes (v) which was not returned undelivered by the U.S. Post Office (vi) where such letter was sent between April 27, 2008 and August 19, 2009, but (vii) excluding persons who have settled or otherwise resolved their FDCPA and/or RFDCPA claims after April 27, 2008."

6. The names and addresses of all class members shall be provided by defendant to Class Counsel and the Class Administrator.

7. Any Class Member who wishes to comment on or object to the Settlement or who elects not to participate in the Settlement has until sixty days after the mailing of the Class Notice to submit his or her comment, or objection in Settlement pursuant to the procedures set forth in the Class Notice.

8. "First Class" is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement.

9. Plaintiff Mary Allen Arroyo is appointed Class Representative. Fred W. Schwinn of the Consumer Law Center, Inc. and O. Randolph Bragg, Horwitz, Horwitz & Associates are appointed Class Counsel.

10. The Class Notice will be disseminated according to the notice plan described in the Settlement Agreement and substantially in the form submitted by the parties. Proof of distribution of notice will be filed by the parties at or prior to the final approval hearing.

11. The Settlement Administrator is directed to mail the approved Class Notice by first-class mail to the Class Members.

12. Barring an agreement between the parties, plaintiff shall file a motion for an award of costs and reasonable attorneys' fees no later than 14 days after final approval of the class settlement.

13. A final hearing will be held on May 13, 2010 at 8:15 a.m., in Department 4 to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members. The Court will hear all evidence and argument necessary to evaluate the Settlement, and will consider the Class Representative's request for Class Representative Payment. Class Members and their counsel may support or oppose the Settlement and the motion for award of the Class Representative Payment, if they so desire, as set forth in the Class Notice.

14. Any Class Member may appear at the final approval hearing in person or by his or her own attorney, and show cause why the Court should not approve the Settlement, or object to the motion for awards of the Class Representative Payment. For any comments or objections to be considered at the hearing, the Class Member must file comments with the Clerk of Court indicating briefly the nature

1  of the Class Member's comments, support or objection.  Such comments must be filed with the Court,
2  and mailed to Class Counsel, not later than sixty days after mailing of the Class Notice.
3       15.    The Court reserves the right to continue the date of the final approval hearing without
4  further notice to Class Members.  The Court retains jurisdiction to consider all further applications
5  arising out of or in connection with the Settlement.
6  IT IS SO ORDERED.
7  **Dated:   November 12, 2009**              /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE