**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARY ELLEN ARROYO, et al., | CASE NO. CV F 09-0750 LJO SMS |
| Plaintiffs, | **ORDER ON FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT THEREON** |
| vs. | |
| PROFESSIONAL RECOVERY SERVICES, INC., et al., | Fairness Hearing: May 13, 2010<br>8:15 a.m. Dept. 4 |
| Defendants. / | |

This cause came before the Court on the Joint Motion for Final Approval of Class Settlement. Notice was given in accordance with that Preliminary Approval Order. The parties now come before the Court in a joint application for final approval of the class settlement. A hearing was conducted on May 13, 2010, at which the Plaintiff and the class were represented by Randolph Braff, Esq. of Horwitz, Horwitz & Associates. Brandon Reeves, Esq. of Ellis Coleman Poirier LaVoie & Steinheimer LLP appeared on behalf of Defendant Professional Recovery Services, Inc. The Court has reviewed the joint motion and has not received any objection to the class settlement. At the hearing, the Court gave opportunity for oral objection during the hearing. No objectors appeared at the time of the hearing. Having reviewed and considered the briefing submitted by the Court, the settlement agreement, and the lack of any objections thereto, the Court finds:

/////

1

1   A.   Plaintiff and Defendant Professional Recovery Services, Inc. entered into a Class Action Settlement Agreement ("Settlement Agreement") that was preliminary approved by the Court on November 13, 2009.

   B.   The Settlement Agreement has been submitted to the Court for approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

   C.   Notice to the class in a form approved by the Court when the Court granted preliminary approval, was provided in accordance with the Court's Preliminary Approval Order.

   D.   Pursuant to the Settlement Agreement, Professional Recovery Services, Inc. will pay $4,000 as purported statutory damages to Pro Bono Project Silicon Valley for use in consumer education or representation as a *cy pres* fund.  Such funds will be sent to Pro Bono Project Silicon Valley, 480 North First Street, San Jose, CA 95112, within 45 days from the date of this order.

   F.   Pursuant to the Settlement Agreement, Professional Recovery Services, Inc. will pay $1,000 to Plaintiff Mary Ellen Arroyo, inclusive of all purported damages, actual and statutory.

   G.   Pursuant to the Settlement Agreement, Professional Recovery Services, Inc. will pay reasonable and necessary attorneys' fees and costs to be determined by the Court absent an agreement by the parties.  Plaintiff shall file and serve a Motion for Attorneys' fees within 14 days of this Court enters a final judgment, and plaintiff will set the Motion for hearing thirty-five (35) days thereafter or such later date as is convenient with the Court's calendar.

   H.   The Court has been advised about all requests for exclusion from the class, objections to the Settlement Agreement, or motions to intervene that have been received.

   **IT IS ORDERED, ADJUDGED AND DECREED:**

   1.   The Court has jurisdiction over this action and the parties' proposed settlement under 28 U.S.C. sections 1331 and 1367.  Plaintiff filed suit as a potential class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.§1692, and the California Rosenthal Fair Debt Collection Practices Act, Cal.Civ.Code §1788.  The Court has supplemental jurisdiction over plaintiff's state-law claims because they arise from the same alleged transactions and occurrences as do plaintiff's federal-law claims.

   2.   For the reasons stated in the Order Granting Preliminary Approval, the Court grants the

parties' joint request for final approval of the Class Settlement Agreement. The Court finds the settlement negotiations were conducted at arms-length and in good faith among counsel for plaintiff and defendant Professional Recovery Services, Inc. and that the terms of the Settlement Agreement are fair, reasonable, and adequate to plaintiff and all members of the classes. In addition to the other factors stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate, and reasonable in light of the risk of establishing liability and damages, and the expense of further litigation. The proposed class satisfies the requirements of a settlement class because the class members are readily ascertainable and a well-defined community of interest exists in the questions of law and fact affecting the parties.

3. The Court hereby approves the Settlement Agreement. (Doc. 24, Exh. A and Exhibits attached.) The Court finds that the Class members meet the requirements for class certification under F.R.C.P. 23. The Court further finds that the Settlement Agreement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. It appears to the Court that the Settlement Agreement is fair, adequate and reasonable as to all potential Class Members, when balanced against the probable outcome of further litigation. It further appears that counsel for the Parties are reasonably able to evaluate their respective positions. It further appears to the Court that settlement will avoid substantial additional costs to all Parties, as well as the delay and risks that would be presented by further prosecution of this action. Additionally, it appears that the proposed Settlement was reached as a result of intensive, non-collusive, arms-length negotiations.

4. The Court finds that the distribution of the Notice as provided for in the Preliminary Approval Order and the Settlement Agreement, was appropriate under the circumstances, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law. Therefore, the Court finds and determines that the parties' notice procedures were completed and were constitutionally sound, because individual notices were mailed to all class members whose identities are known to the parties, and such notice was the best notice practicable.

5. The following class of persons are certified as the Class in this action solely for the purposes of the Settlement:

"(I) all persons who were sent a letter from defendants in the form of Exhibit "1" (ii) at an address in California, (iii) regarding a debt allegedly due HSBC Bank (iv) incurred for personal, family or household purposes (v) which was not returned undelivered by the U.S. Post Office (vi) where such letter was sent between April 27, 2008 and August 19, 2009, but (vii) excluding persons who have settled or otherwise resolved their FDCPA and/or RFDCPA claims after April 27, 2008."

6. Class Members were provided with the opportunity to comment on, or object to, the Settlement, as well as to elect not to participate in the Settlement. No Class Members filed written objections to the Settlement as part of the parties' notice procedures or stated an intent to appear at the final approval hearing. No objector appeared at the fairness hearing.

7. Plaintiff Mary Allen Arroyo is appointed Class Representative. Fred W. Schwinn of the Consumer Law Center, Inc. and O. Randolph Bragg, Horwitz, Horwitz & Associates are appointed Class Counsel.

8. Pursuant to the Settlement Agreement, Defendants shall pay (a) $1,000 to Plaintiff Mary Ellen Arroyo inclusive of all purported damages, and (b) $4,000 to the Pro Bono Project Silicon Valley for use in consumer education or representation as described above and in the Settlement Agreement.

9. Plaintiff's counsel shall file an application for an award of attorneys' fees no later than 14 days after this Court enters a final judgment in this matter, to be noticed and heard within thirty five (35) days thereafter or such later date as is convenient with the Court's calendar.

10. Without affecting the finality of the Judgment, the Court shall retain jurisdiction of this case to enforce the terms of the Settlement Agreement.

IT IS SO ORDERED.

**Dated:   May 13, 2010**            **/s/ Lawrence J. O'Neill**
                                     UNITED STATES DISTRICT JUDGE